In re Sibanda

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand twenty-six.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

**IN RE KISSINGER N. SIBANDA,**

**Attorney.**

**25-90095-am**

**ORDER OF
GRIEVANCE PANEL**

---

FOR ATTORNEY:

KISSINGER N. SIBANDA
Livingston, New Jersey

By order filed in September 2025, this Court reciprocally suspended Kissinger N. Sibanda based on an August 2025 suspension order of the District of Columbia Court of Appeals. The reciprocal suspension was "upon such terms and conditions as set forth in the" underlying order of the District of Columbia Court of Appeals. *In re Sibanda*, 2d Cir. 25-90095, order dated September 18, 2025. That underlying order "suspend[ed] Sibanda from the practice of law for thirty days with his reinstatement conditioned upon him showing his fitness to return to the practice of law." *In re Sibanda*, 341 A.3d 598, 600 (D.C. 2025); *see also id.* at 607-09 (discussing fitness requirement).

Sibanda now moves to vacate this Court's reciprocal suspension order, arguing, inter alia, that the conduct that led to the underlying suspension order of the District of Columbia Court of Appeals "has been remedied fully." Motion to Vacate at 3-5. He also states that he has fully complied with the underlying suspension order, *id.* at 2, apparently by not practicing in that court during the thirty-day suspension period. However, Sibanda does not suggest that he has been readmitted to the bar of the District of Columbia Court of Appeals, or address the standard governing his present motion, which is set forth in *In re Roman*, 601 F.3d 189 (2d Cir. 2010).[1]

Under this Court's Local Rule, "[w]hen the [C]ourt receives a copy of an order entered by [another] attorney disciplinary authority disbarring or suspending an attorney from practice, the clerk enters an order disbarring or suspending the attorney from practice before this court on comparable terms and conditions." 2d Cir. Local R. 46.2(c)(2). That Local Rule "reflect[s] a rebuttable presumption that the reciprocal discipline imposed by this Court will be identical—or as close to identical as our rules and the circumstances permit—to the discipline imposed by the prior court or other disciplinary authority." *Roman*, 601 F.3d at 192. An attorney who wishes to avoid identical reciprocal discipline "bears the burden of demonstrating, by clear and convincing evidence, that a different disposition would be appropriate." *Id.* at 193. The attorney must demonstrate: "(1) absence of due process in the prior disciplinary procedure, (2) substantial infirmity in the proof of lack of private and professional character, or (3) some other grave reason sufficient to indicate that reciprocal disbarment or other reciprocal discipline is inconsistent with principles of right and justice." *Id.* (restating requirements listed in *Selling v. Radford*, 243 U.S. 46, 51 (1917); internal quotation marks and brackets omitted).

Sibanda has not satisfied the "terms and conditions" of this Court's September 2025 reciprocal

---

[1] Sibanda asserts that "the state disciplinary matter is currently in reinstatement proceedings," Motion to Vacate at 4, apparently referencing proceedings for his reinstatement to the bar of the District of Columbia Court of Appeals. He has not informed this Court of any disposition in that matter.

suspension order because he has not demonstrated that he has been reinstated to the bar of the District of Columbia Court of Appeals (through a finding by that court that he is fit to practice, as required by its August 2025 order, or through amendment of that order). Nor has he demonstrated, or even argued, that the *Roman* standard requires a disposition that differs from that reached in this Court's September 2025 order. While the arguments in Sibanda's motion might possibly be construed as falling within one or more of the *Roman* categories, attorneys are generally not entitled to liberal construction of their papers, *see Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010), and we see no reason to stray from that rule in the present matter.

Upon due consideration, it is hereby ORDERED that the motion to vacate the reciprocal suspension order is DENIED.

The Clerk of Court is directed to release this order to the public by posting it on this Court's website and providing copies to the public in the same manner as all other unpublished decisions of this Court, and to serve a copy of this order on Sibanda, the Office of Disciplinary Counsel for the District of Columbia Court of Appeals, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Counsel to this panel is authorized to provide to other courts and attorney disciplinary authorities, upon their request, all documents from the record of this proceeding. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those courts and disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.